IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JORGE L. RUBIO, | ) | No. C 10-1963 JSW (PR) |
| | ) | |
| Plaintiff, | ) | **ORDER GRANTING IN PART AND** |
| | ) | **DENYING IN PART MOTION TO** |
| v. | ) | **DISMISS; SCHEDULING** |
| | ) | **SUMMARY JUDGMENT MOTION** |
| MIKE KANALAKIS, et al., | ) | |
| | ) | |
| Defendants. | ) | (Docket No. 10) |
| _____ | ) | |

## INTRODUCTION

Plaintiff filed this pro se civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is civilly committed in a California prison pursuant to California's Sexually Violent Predator Act, Cal. Welf. & Inst. Code §§ 6600, et seq. ("SVPA"). Plaintiff's claims arise from several different time periods when he was housed in the Monterey County Jail awaiting commitment proceedings under the SVPA. Defendants have filed a motion to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that the complaint fails to state a cognizable claim for relief. Plaintiff filed an opposition, and Defendants filed a reply. For the reasons discussed below, the motion to dismiss is GRANTED IN PART AND DENIED IN PART.

**BACKGROUND**

Plaintiff claims that he was housed at the Monterey County Jail in conditions similar to those of inmates who were facing criminal charges, in violation of his constitutional rights. His complaint concerns his confinement at the jail during three distinct time periods: (1) from December 30, 2002, through January 29, 2004; (2) from July 18, 2005 through September 26, 2005; and (3) from November 26, 2007, through December 17, 2007. During each of these stays at the jail, Plaintiff was awaiting court proceedings to determine whether he should be civilly committed pursuant to the SVPA. The instant complaint is deemed filed on the date it was signed, April 30, 2010.[1]

**DISCUSSION**

**A.    Standard of Review**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

In deciding a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must limit its review to the contents of the complaint, *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994), including documents physically attached to the complaint or documents the complaint necessarily relies on and whose authenticity is not contested, *Lee v. County of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). Here, Plaintiff attaches to the amended complaint records relating to his state court conviction, including the abstract of judgment, minute orders by the

---

[1] It appears that Plaintiff has returned to the jail since he filed the complaint: he alleges that further commitment proceedings were to be held in August 2010, and in a declaration attached to his opposition, he states that he returned to the jail for 19 days in February and March 2011. The conditions of his confinement during these periods are not the subject of the claims set forth in his complaint, however.

state court, and the sentencing transcript.  In addition, the Court may take judicial notice

of facts that are not subject to reasonable dispute.  *Id.* at 688 (discussing Fed. R.

Evid. 201(b)). Allegations of fact in the complaint must be taken as true and construed

in the light most favorable to the non-moving party.  *Sprewell v. Golden State Warriors*,

266 F.3d 979, 988 (9th Cir. 2001).  The Court need not, however, "accept as true

allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable

inferences." *Id.*

   Pro se pleadings must be construed liberally on a defendant's motion to dismiss

for failure to state a claim.  *Ortez v. Washington County Oregon*, 88 F.3d 804, 807 (9th

Cir. 1996).

**B.**  <u>**Analysis**</u>

   **1.**  **Statute of Limitation**

   Defendants argue that Plaintiff's claims are barred by the statute of limitations.

Section 1983 does not contain its own limitations period, but the appropriate period is

that of the forum state's statute of limitations for personal injury torts, which, in

California is the two-year period set forth at California Civil Procedure Code § 335.1.

*Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004).  Plaintiff's claims accrued

from December 30, 2002, through January 29, 2004, from July 18, 2005 through

September 26, 2005, and from November 26, 2006, through December 17, 2007,

because that is when he alleges that he suffered the poor jail conditions that allegedly

violate the constitutional rights of a civil detainee.  *See Zolotarev v. San Francisco*, 535

F.3d 1044, 1049 (9th Cir. 2008) (under federal law, a claim generally accrues when the

plaintiff knows or has reason to know of the injury which is the basis of the action).

The complaint is not deemed filed until April 30, 2010, the date it was signed, which is

more than six years after his first period in the county jail, more than four and a half

years after his second period in the county jail, and approximately two years and four

1    months after his third period in the county jail.  Therefore, absent tolling the claims are

2    untimely.

3        The limitation period may be tolled due to a plaintiff's imprisonment "on a

4    criminal charge" for a maximum of two years.  *See* Cal. Civ. Proc. Code § 352.1(a);

5    *Hardin v. Straub*, 490 U.S. 536, 543-44 (1989) (a federal court must give effect to a

6    state's tolling provisions).  The statute of limitations is not tolled under Section 352.1

7    for civil detainees, however, because they are not incarcerated on a "criminal charge."

8    *See Jones v. Blanas*, 393 F.3d 927-28 (9th Cir. 2004) (citing *Hubbart v. Superior Court*,

9    969 P.2d 584, 605-11 (Cal. 1999)).  Consequently, the complaint is not rendered timely

10    by tolling under Section 352.1 of the  California Code of Civil Procedure.

11        Equitable tolling is available, however, for a "continuously confined civil

12    detainee who has pursued his claims in good faith."  *Jones*, 393 F.3d at 930.

13    Here, Plaintiff has been "continuously confined" insofar as it appears that when he was

14    not confined at the jail, he was confined in state prison or state mental health facilities.

15    Plaintiff does not address whether or how he has been pursuing his claims in "good

16    faith."  There is no indication of any attempt or effort by Plaintiff to pursue his claims

17    prior to filing the instant suit.  Nevertheless, it appears from the holding and reasoning

18    in *Jones* that some degree of equitable tolling is warranted based simply on the fact of

19    Plaintiff's confinement.

20        In *Jones*, the plaintiff was a civil detainee confined in the county jail for 25

21    months, between December 1997 and January 2000.  *Id.* at 924.  He filed his complaint

22    on December 29, 2000, and the district court held that the claims arising prior to

23    December 29, 1999, were time-barred under the then-applicable one-year statute of

24    limitations.  *Id.* at 927.  The Ninth Circuit reversed, holding that plaintiff was entitled to

25    equitable tolling during his stay in the county jail because a civil detainee in the county

26    jail faces just as much difficulty litigating his case as a criminal detainee, who receives

27

28                              4

two years of tolling under Section 352.1.  *Id.* at 928-30.  Based upon that reasoning, the Ninth Circuit allowed Jones 25 months of equitable tolling, notwithstanding the fact that there was no evidence of any efforts by Plaintiff to pursue his claims before he filed suit.  *See id.* at 930.  Based upon the reasoning and holding in *Jones*, Plaintiff's continuous confinement warrants two years of equitable tolling, in addition to the two-year statute of limitations for his claims.  Consequently, Plaintiff's claims based on his confinement in the county jail after April 30, 2006 (four years before the instant complaint is deemed filed), are timely, and the claims based on his confinement prior to that date are dismissed as untimely.

### 2.    Abstention

Defendants also argue that this Court should abstain from deciding this case under *Younger v. Harris*, 401 U.S. 37, 43-54 (1971).  In *Younger*, the court held that under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances.  *Id.*  There are no ongoing state criminal proceedings in this case.  The only ongoing state proceedings are Plaintiff's periodic SVPA commitment proceedings, which are civil in nature.  Abstention under *Younger* is not appropriate.

### 3.    Injunctive Relief

Defendants argue that Plaintiff's claims for injunctive relief should be dismissed because there has been no showing of immediate, irreparable injury.  That is the standard for preliminary injunctive relief, which Plaintiff does not seek.  Defendants may present evidence at the summary judgment stage that Plaintiff's requests for injunctive relief are moot in light of changes to jail policies and procedures implemented since the events giving rise to Plaintiff's claims.  Such evidence cannot be considered, however, in connection with the present motion.

### 4.     Failure to Allege Sufficient Facts

Defendants argue that Plaintiff has failed to allege sufficient facts in support of his claims.  Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'"  *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted).  Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .   Factual allegations must be enough to raise a right to relief above the speculative level."  *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim for relief that is plausible on its face."  *Id.* at 1974.  This standard applies to all cases.  *See, e.g., Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1952 (2009).  From these decisions, the following "two principles" arise: "First to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively.  Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation."  *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).  Pro se pleadings must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Plaintiff does more than simply recite the elements of his causes of action.  The complaint alleges that he was housed with and in similar conditions as inmates charged or convicted of crimes.  Indeed, he alleges that one jail official did not know that he was

a civil detainee or that the jail housed people subject to civil commitment.  Moreover, his affidavit attached to the complaint alleges a variety of specific conditions he faced at the jail in 2007 — including unsanitary cells, lack of access to his legal papers, and being assigned to similar areas as criminally charged inmates — that he claims were unconstitutional.  These factual allegations are sufficiently specific to state a cognizable claim for relief under the standards of *Twombly* and *Iqbal*.

In their reply brief, Defendants argue that Plaintiff's factual allegations about his stay in the county jail in 2011 do not state a claim for the violation of his constitutional rights.  His stay at the jail in 2011 is not part of this case, however.  The complaint only claims constitutional violations arising from his stays in the jail in 2007 and earlier, and it makes no allegations about the conditions of his confinement at the jail after 2007.  Rather, the allegations about 2011 are made in an affidavit attached to Plaintiff's opposition to the present motion, which is not part of the complaint.  Defendants' arguments about the inadequacy of Plaintiff's claims about his stay at the jail in 2011 are irrelevant to whether the complaint should be dismissed because the complaint does not concern that time period.

## CONCLUSION

For the foregoing reasons,

1.    Defendants' motion to dismiss is DENIED IN PART AND GRANTED IN PART.  Plaintiff's claims arising from his stays at the county jail prior to May 2006 are DISMISSED as untimely.  His claims arising from his time at the county jail after that date are, when liberally construed, cognizable.

2.  In order to expedite the resolution of this case, the Court orders as follows:

a.  No later than **ninety-one (91) days** from the date this order is filed, Defendants shall file a motion for summary judgment, or a notice to the Court that they are of the opinion that this matter cannot be resolved by dispositive motion.  The motion

shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56.

**Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute.  If defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due**.

All papers filed with the Court shall be promptly served on the Plaintiff.

b.  Plaintiff's opposition to the dispositive motion, if any, shall be filed with the court and served upon defendants no later than **twenty-eight (28) days** from the date the motion is filed.  Plaintiff must read the attached page headed "NOTICE -- WARNING (SUMMARY JUDGMENT)," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).  If Defendants argue that Plaintiff has not exhausted his administrative remedies, Plaintiff should read the attached "NOTICE -- WARNING  (EXHAUSTION)" provided to him pursuant to *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n.4 (9th Cir. 2003).

c.  Defendants shall file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

d.  The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the Court so orders at a later date.

e.  Pursuant to *Woods v. Carey*, No. 09-15548, slip op. 7871, 7884-85 (9th Cir. July 6, 2012), at the time they serve Plaintiff with their motion, Defendants **shall** also serve Plaintiff with the applicable notices from *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n.4 (9th Cir. 2003), and shall file a proof of service of these notice(s).  **Failure to do so will result in the summary denial of Defendants' motion.**

8

3.  Defendants **shall** file an answer within **28 days** of the date this order is filed.

4.  Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further Court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

5.  Extensions of time are not favored, though reasonable extensions will be granted.  Any motion for an extension of time must be filed no later than **five** days prior to the deadline sought to be extended.

6.  All communications by Plaintiff with the Court must be served on Defendant, or Defendant's counsel once counsel has been designated, by mailing a true copy of the document to Defendant or Defendant's counsel.

7.  It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED:   08/22/2012

_____
JEFFREY S. WHITE
United States District Judge

9

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

**NOTICE -- WARNING  (EXHAUSTION)**

If defendants file an unenumerated motion to dismiss for failure to exhaust, they are seeking to have your case dismissed.  If the motion is granted it will end your case.

You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies.  Such evidence may be in the form of declarations (statements signed under penalty of perjury) or authenticated documents, that is, documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers, such as answers to interrogatories or depositions.

If defendants file a motion to dismiss and it is granted, your case will be dismissed and there will be no trial.